UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-142(7)(DSD/SRN)

United States of America,

Plaintiff,

v. **ORDER**

Akbar Saleem Abdul-Ahad,

Defendant.

This matter is before the court upon defendant's objections to Magistrate Judge Susan R. Nelson's October 27, 2008, report and recommendation and Magistrate Judge Jeffrey J. Keyes' October 28, 2008, report and recommendation. In their reports, the magistrate judges recommend denying defendant's motion to suppress search and seizure evidence. Also before the court is defendant's appeal of Magistrate Judge Nelson's October 27, 2008, order denying defendant's motions to retain rough notes and for severance of defendants. Based upon a review of the file, records and proceedings herein, the court adopts the reports and recommendations and affirms the order.

## DISCUSSION

### I. Motion to Suppress

The court reviews the report and recommendation of a magistrate judge de novo.[1] 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). In her October 27, 2008, report, the magistrate judge recommends that defendant's motion to suppress be denied because the wiretap was legally obtained. Defendant objects, arguing that the wiretap application did not support the need for the wiretap and that the monitoring officer should have used other investigative techniques before seeking a wiretap.

An application for electronic surveillance requires a "full and complete statement as to whether or not investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). While law enforcement officers must attempt some normal investigative techniques, they need not exhaust all possible methods before seeking a wiretap. See United States v. Macklin, 902 F.2d 1320, 1326-27 (8th Cir. 1990) ("The government is simply not required to use a wiretap only as a last resort.").

[1] Defendant requests an evidentiary hearing. The court determines, however, that the present record is sufficient and denies defendant's request. See 28 U.S.C. § 636(b)(1)(C) (judge may receive further evidence); D. Minn. LR 72.2(b) (Court "need not normally conduct a new hearing and may consider the record developed before the magistrate judge and make a determination on the basis of that record.")

Here, the officers' affidavits detailed the numerous investigative techniques attempted before the wiretap, which included surveillance, traffic stops, search warrants and informants. (R&R [Doc. No. 617] at 19.) The affidavits also discussed the ineffectiveness of continued use of such techniques. (Id.) Therefore, the court determines that the wiretap application was legally obtained and adopts the magistrate judge's report and recommendation.

Magistrate Judge Keyes' October 28, 2008, report recommends denial of defendant's motion to suppress evidence seized from Meal Ticket Foods because the search warrant was supported by probable cause. Defendant argues that the search warrant was improper because it was based on information obtained from the challenged wiretaps. The wiretaps, however, were legally obtained and the court overrules defendant's objection. Accordingly, the court adopts the report and recommendation and denies defendant's motion to suppress.

**II. Non-Dispositive Motions**

The court reviews a magistrate judge's determination of non-dispositive pretrial issues under a clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.1(a). In her October 27, 2008, order, the magistrate judge denied defendant's motion for the production of rough notes, written summaries and progress reports, and his alternative request for *in camera* review of these

materials. Defendant argues that the court should review these documents *in camera* to assess their materiality and preserve a record.

Courts generally deny requests to discover monitoring agent's rough notes, written summaries and interim progress reports. See Hance v. United States, 299 F.2d 389, 394 (8th Cir. 1962) (defendant not entitled to inspect agent's notes when they were contextually covered in documents ordered to be given to defense counsel); see also United States v. Wright, 121 F. Supp. 2d 1344, 1350 (D. Kan. 2000); United States v. Orozco, 108 F.R.D. 313, 315-16 (S.D. Cal. 1985); United States v. Marchman, 399 F. Supp. 585, 596 (E.D. Tenn. 1975); United States v. Brodson, 390 F. Supp. 774, 777-78 (E.D. Wis. 1975). Defendant neither identifies a reason why the court should depart from this generally accepted view nor demonstrates why *in camera* review of the written summaries is necessary. Further, recordings of the actual calls are in evidence. Therefore, the court determines that the magistrate judge's order denying *in camera* review was not clearly erroneous or contrary to law.

The magistrate judge also denied defendant's motion for severance of defendants pursuant to Federal Rule of Criminal Procedure 14(a) because all defendants are alleged participants in a conspiracy and they did not show that a jury would be unable to compartmentalize evidence against each defendant. Defendant argues

that he will be unfairly prejudiced by joint prosecution of the alleged drug conspiracies and violent crimes.[2]

Co-conspirators "will generally be tried together." United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir. 1990). However, Rule 14(a) permits a court to sever co-defendant trials if joinder of the trials would prejudice a defendant. The court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993). A general complaint of prejudice is an insufficient basis for severance. O'Meara, 895 F.2d at 1219. Rather, defendant must affirmatively demonstrate a jury's inability to compartmentalize the evidence against the separate defendants. Id.

Here, defendant has not shown that a jury would be unable to compartmentalize evidence against each defendant or that limiting instructions would be ineffective. There is no reason for the alleged co-conspirators not to be tried together. Therefore, the magistrate judge's denial of defendant's motion to sever was not clearly erroneous or contrary to law, and the court affirms the October 27, 2008, order.

[2] Defendant also argues that the magistrate judge erred by not specifically addressing his motion for severance. Contrary to defendant's claim, however, the magistrate judge cited defendant's motion and addressed his arguments. (Doc. No. 609 at 7.)

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's objections [Doc. No. 634] to the magistrate judges' reports and recommendations [Doc. Nos. 617, 622] are overruled and defendant's motion to suppress search and seizure evidence [Doc. No. 354] is denied;

2. Defendant's appeal [Doc. No. 637] of the magistrate judge's order [Doc. No. 610] is denied and

3. Defendant's request for an evidentiary hearing [Doc. No. 635] is denied.

Dated: January 5, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court